G. W. TEGARDEN *v.* MORDICAI POWELL.

It is too late, after a judgment by default, to except to the jurisdiction of the court, on the ground of commorancy.

A party interrogated on facts and articles may state any facts intimately connected with the subject of the interrogatories, and necessary to an explanation of part of his answer.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff,* J. *S. E. Hunter,* for plaintiff. *Muse & Hardee,* for defendant and appellant.

BUCHANAN, J. Plaintiff sues defendant in the District Court of East Feliciana upon two promissory notes. Citation was returned served " by leaving the same at the residence of defendant, in the town of Jackson, parish of East Feliciana, about thirteen miles from the court-house, with *Albert H. Powell,* a free white person above the age of fourteen years, who resides there, the said *Mordicai Powell* being absent from home."

Defendant having failed to appear and answer within the legal delay, judgment by default was entered on the 14th April, 1859.

On the 15th of April, the next day after the judgment by default, defendant appeared by counsel and filed the following exception : " that he is not a resident of the parish of East Feliciana ; that his residence is in the parish of Pointe Cou-pée, where he has purchased a plantation, and where he resides, and where he intends to remove his family, who are temporarily residing in the town of Jackson."

This exception was stricken out, after argument, on the ground that it was too late, after judgment by default; that it was dilatory, and should have been pleaded *in limine litis.* There was no error in this ruling. See Act of 20th of March, 1839, p. 172.

Defendant then answered, by pleading that the notes sued upon were given without consideration ; that they were given in payment of a tract of land in Mississippi ; but that plaintiff never conveyed the said land to defendant, but retained the notes, and is now seeking to enforce their payment ; whereupon he prays that the notes be cancelled.

To this answer, defendant annexed two interrogatories on facts and articles to be answered by plaintiff. The first enquired of plaintiff whether the notes sued on were not given for a tract of land in Isaquena County, State of Mississippi. The second interrogatory enquired whether plaintiff ever conveyed said tract of land to defendant ; and if so, before whom was the act of sale passed.

These interrogatories were answered by plaintiff. To the first he answered affirmatively. To the second he answered, that he did not convey the land to the defendant—but, by the direction and at the special instance and request of defendant, to the commercial firm of *Hughes, Hyllested & Co.,* of New Orleans ; and plaintiff annexed to his answer a copy of his act of sale to *Hughes, Hyllested & Co.,* and also the written direction and request of defendant to make said deed, and to pay the notes for the purchase thereof.

Defendant, by counsel, moved the court to strike out the portion of the plaintiff's answer to the second interrogatory, which referred to the sale to *Hughes, Hyllested & Co.,* and also the documents annexed to the said answer. This being refused by the court, defendant excepted.

The District Court did not err. The matters referred to in the bill of exception were intimately connected with the subject of the interrogatory, and necessary to an explanation of the first part of the answer; from which, without such explanation, it would have seemed, contrary to the fact, that the consideration of the notes had failed.

After these answers to interrogatories filed, the cause was called for trial, and defendant prayed for a continuance in order to procure the answer of plaintiff, who was absent from the State, to additional interrogatories.

The court refused the continuance asked for. This was a matter within its discretion. The defendant had already availed himself of his right to examine the plaintiff touching the matters in controversy. And if this practice were sanctioned, there is no knowing where it would end. At every term of court, new interrogatories might be propounded *ad infinitum*. The plaintiff and appellee has filed an answer in this court to the appeal of defendant; in which he asks for ten per cent. damages for a frivolous appeal.

It is very evident, that there is no real defence to this action, and that the only object of the defendant is delay.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; and with the addition of two hundred and fifty dollars damages, to be paid by defendant and appellant.